[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PENDENTE ALIMONY AND SUPPORT (DOCKET ENTRIES 101.01 AND 101.02)
This is a motion filed pursuant to the provisions of § 46b-83 of the General Statutes. The plaintiff seeks pendente lite alimony and child support. There are four children issue of the parties ages 15, 13, 6 and ten months. The parties are living together in the family home. The defendant is employed in his own business. That business was acquired in September of last year. Prior to that, he was out of work for fifteen months. The plaintiff is not employed, but works occasionally as a design consultant.
The defendant's salary is $75,000 per year. The business has sustained losses since it began — the first month losing $35,000, the second month losing $25,000, and the last month losing $10,000. The defendant started out the business taking a salary of $85,000 per year. However, in view of the losses, he could not continue at this salary and had to reduce his salary to the $75,000 amount. His weekly net income is $1,040 per week. CT Page 118
The parties have lived beyond their means. The defendant's assets have diminished substantially by reason of his being out of work for fifteen months. The plaintiff shows total weekly expenses not including payments on her credit cards of $2,400 per week. Six hundred and seventeen dollars of that amount is payment on the mortgage on the family home which is titled solely in the plaintiff's name.
Support pursuant to the guidelines would be $398 and the defendant to pay 58 percent of uninsured medical expenses. Defendant's counsel has suggested that the defendant pay the household bills (mortgage, home equity loan, utilities, fuel, homeowner's insurance, etc.) and a contribution to the cost of food leaving him with $100 per week. This is the only solution that makes sense in this case.
It has often been said that the purpose of alimony and support pendente lite is to preserve the status quo. A party cannot be ordered to liquidate assets to pay periodic alimony. Gallagher v. Gallagher,21 Conn.L.Rptr. 334 (1998). The plaintiff's request, therefore, that the defendant invade his Smith Barney IRA account and to use these funds to pay pendente lite alimony and support is denied.
The court orders that the defendant shall pay the following expenses:
1. the first mortgage;
2. the home equity loan;
3. the homeowners' insurance;
4. the fuel oil;
5. the electric;
6. trash collection;
7. cable television;
8. to the plaintiff $125 per week for all other expenses.
It is recognized that the amount ordered does not possibly cover the plaintiff's expenses as set forth in her financial affidavit. At the present time, there is no other solution. There is no reason why the children cannot contribute to their own expenses from their UGMA accounts. The plaintiff, too, has a Smith Barney bank account of CT Page 119 $20,000. The plaintiff shall keep current her People's card and the line of credit reported in her financial affidavit by making minimum monthly payments.
The defendant has been making the payments noted above. The order as to the payment to plaintiff of $125.00 shall take effect December 20, 2001.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE